## S93A0124. REINHARDT v. THE STATE.
### (428 SE2d 333)

HUNT, Presiding Justice.

William Charles Reinhardt was convicted of felony murder and arson, and sentenced to life imprisonment. He appeals and we reverse.[1]

On the evening of June 18, 1991, the defendant and his girl friend, who were sharing a room at the Lawrenceville Motor Inn, smoked crack cocaine with another man. After the three had smoked all of the crack cocaine, the defendant's girl friend and the other man left, and the defendant remained in the motel room drinking. At 1:15 a.m. authorities responded to a fire call at the motel; the building in which the defendant was staying was on fire, and another guest in a room down the hall from the defendant was killed in the fire. Although at trial the defendant testified that the fire had started accidentally while he was smoking, the jury heard evidence sufficient to authorize a conclusion that the defendant intentionally set a fire in his motel room.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends that the trial court erred in refusing his request to charge on involuntary manslaughter and reckless conduct.

> A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony.

OCGA § 16-5-3 (a). A person is guilty of reckless conduct, a misdemeanor, when he

> causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard

---

[1] The crimes for which defendant was convicted occurred on the evening of June 18, 1991. Reinhardt was found guilty of felony murder and arson on April 1, 1992, and sentenced to life imprisonment. Motion for a new trial was filed on April 6, 1992, and overruled on August 27, 1992. The defendant filed notice of appeal in this Court on September 24, 1992. The appeal was docketed on October 23, 1992, and submitted for decision on briefs on December 4, 1992.

constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . .

OCGA § 16-5-60 (b). In the present case, there is evidence to support such charges. Since "a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense," *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990), the trial court's failure to give the charge requested by the defendant constitutes reversible error. The state argues the charge is not warranted because the evidence shows the defendant intentionally set fire to his bed. However, the crime of arson requires an intent, not only to set a fire, but also to damage a dwelling, building or other structure. Here, even though there was evidence that the defendant intentionally set the fire, there was also evidence from which the jury could conclude that the defendant set the fire without intending to damage the motel structure. In addition, there was evidence that the setting of the fire, though unintentional, was the result of reckless conduct. Accordingly, Reinhardt was entitled to the requested charges.[2]

3. The defendant next argues that the court erred in admitting into evidence his statement made at the hospital to police investigators, contending the statement was made as the result of a custodial interrogation and prior to *Miranda* warnings. Defendant also contends that the statement was involuntary.

(a) Under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1969), persons must be advised of their rights with respect to interrogation after being taken into custody or otherwise deprived of their freedom of action in any significant way. 384 U. S. at 444. The *Miranda* court was particularly concerned about situations in which the defendant was questioned by police "in a room in which [the defendant] was cut off from the outside world," because such incommunicado interrogation in a police-dominated atmosphere can result in self-incriminating statements without full warnings of constitutional rights. Id.

In the present case, the record shows that police began the interrogation of Reinhardt as he sat on a stretcher breathing from an oxygen mask but that when the doctor told Reinhardt he was free to leave, the police officers asked him to come with them to a room from which others were excluded. After isolating him in the room, the police asked Reinhardt to remove his pants and shoes. The police then

---

[2] In addition to the felony of arson, the felony of criminal damage to property may well have been authorized by the evidence as an underlying felony to support a felony murder conviction. See OCGA § 16-7-23 (a) (2). The jury instructions, however, did not address that issue.

questioned Reinhardt specifically about the origin of the fire, cf. *Lamb v. United States*, 414 F2d 250 (9th Cir. 1969); when a police officer disputed his version of how the fire had started, Reinhardt confessed to the officers that he had started the fire intentionally. Only at this point did an officer read the required *Miranda* warnings to the defendant. The bulk of the defendant's confession followed these warnings.[3]

Given this set of facts, we are convinced that Reinhardt was not free to leave the hospital room but that he was in custody when he was questioned. Thus, the interrogation before the giving of the mandated warnings was clearly in violation of *Miranda*, and that portion of the confession was inadmissible and should be excluded on retrial.

(b) The defendant further contends that his statement to the police, made after *Miranda* warnings, was likewise inadmissible because it was involuntary. The question of whether a waiver of rights and a subsequent statement have been voluntary and knowing depends on the totality of the circumstances. *Williams v. State*, 238 Ga. 298, 302 (232 SE2d 535) (1977). The totality of the circumstances is determined through a consideration of nine factors: 1) age of the accused; 2) education of the accused; 3) knowledge of the accused as to both the substance of the charge and the nature of his right to consult an attorney and remain silent; 4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; 5) whether the accused was interrogated before or after formal charges had been filed; 6) methods used in interrogation; 7) length of interrogation; 8) whether or not the accused refused to voluntarily give statements on prior occasions; and 9) whether the accused has repudiated an extrajudicial statement at a later date. Id. Here, in weighing these factors, we note that the defendant was in his twenties; he had finished eleven years of school and held a high school equivalency degree; he was informed, after the *Miranda* warnings were given, that he was under arrest for first degree arson and felony murder; and, he showed throughout a willingness to speak with police investigators. Under the totality of the circumstances, we find that the defendant waived his constitutional rights and made a knowing and voluntary statement to the police.

4. Finally, the defendant argues that both the statements he made to police subsequent to his initial confession and his testimony at trial are fruits of the initial inadmissible statement and are, therefore, inadmissible. This Court has ruled that in Georgia the exclusionary rule does not apply to evidence derived from a voluntary state-

---

[3] In fact, were this conviction being affirmed, the admission of the first statement, though error, would have been deemed harmless.

ment obtained without the benefit of *Miranda* warnings. *Wilson v. Zant*, 249 Ga. 373, 378 (290 SE2d 442) (1982). Our holding in *Wilson* was subsequently given support by the United States Supreme Court when it ruled in *Oregon v. Elstad*, 470 U. S. 298, 309 (105 SC 1285, 84 LE2d 222) (1985), that although *Miranda* requires that the unwarned admissions must be suppressed, the admissibility of any subsequent statement turns on whether the statement was knowingly and voluntarily made. As we find that Reinhardt's subsequent statements were knowing and voluntary, this enumeration of error is without merit.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 19, 1993 —
RECONSIDERATION DENIED MAY 6, 1993.

*Ronnie K. Batchelor,* for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.