## S93A1174. JOHNSON v. THE STATE.
(435 SE2d 195)

HUNSTEIN, Justice.

Carlton Bernard Johnson was convicted of the felony murder of Milton Sanford and sentenced to life imprisonment.[1] We affirm.

1. The evidence adduced at trial showed that appellant phoned Sanford and requested that he come to appellant's house. There, Sanford and his girl friend were bound, and appellant, his two co-defendants and an unidentified man took a package from Sanford which purportedly contained cocaine and attempted to obtain money from Sanford. When this failed, the victims were taken to an abandoned house where they were both shot in the head. Sanford died, but his girl friend survived and testified at trial as to the events that occurred. Reviewing the evidence in a light most favorable to the jury's verdict, we find that it was sufficient to enable a rational trier of fact to find appellant guilty of the crime charged beyond a reasonable doubt. See generally *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We have carefully examined appellant's remaining enumera-

---

[1] The crime occurred on March 5, 1992. Johnson was indicted in Bibb County on August 14, 1992. He was found guilty on December 3, 1992 and was sentenced the same day. A notice of appeal was filed, the transcript was certified on April 20, 1993, and the appeal was docketed on April 23, 1993. Oral arguments were heard on June 23, 1993.

tions of error and have found them to be without merit.

*Judgment affirmed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

I respectfully submit that this Court is totally without jurisdiction over this case and that the appeal should be dismissed rather than considered on its merits. As indicated in footnote 1 of the majority opinion, the judgment of the trial court sentencing appellant was entered on December 3, 1992. Appellant subsequently filed a timely motion for new trial. However, prior to any disposition of the motion for new trial by the trial court, appellant withdrew the motion for new trial on March 1, 1993 and on the same day filed a notice of appeal. " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.' [Cit.]" (Emphasis in original.) *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978). Although, in this case, the motion for new trial was timely filed, the notice of appeal was not. The time for filing the notice of appeal was not extended pursuant to OCGA § 5-6-38 which provides that the notice of appeal may be filed "within 30 days after the entry of the *order* granting, overruling, or otherwise finally disposing of the motion." (Emphasis supplied.)

> As [appellant] voluntarily abandoned his motion for new trial and there is no order of the court disposing of the motion nor any order granting an extension of time or a delayed appeal, there is no extension beyond the 30 days permitted after entry of the judgment. Therefore the appeal must be dismissed for failure to timely file [a] notice of appeal.

*Taylor v. State*, 173 Ga. App. 745 (327 SE2d 860) (1985). See also *Marshall v. State*, 205 Ga. App. 531 (422 SE2d 677) (1992).

DECIDED OCTOBER 4, 1993.

*Murray M. Silver,* for appellant.

*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney,* for appellee.