## A93A1952. HEARD v. THE STATE.
(437 SE2d 496)

JOHNSON, Judge.

A jury found Chappell Heard guilty of aggravated assault and criminal attempt to commit armed robbery. He appeals his conviction.

1. The State urges us to dismiss this appeal alleging that Heard's failure to file a timely notice of appeal divests this court of jurisdiction over the case. The court entered its sentence on July 10, 1991. A motion for new trial was filed on July 17, 1991. Prior to a ruling, the motion was withdrawn on October 4, 1991. A notice of appeal was timely filed November 4, 1991.[1] "[T]he withdrawal or dismissal of the

---

[1] In December 1991, this court erroneously returned this case to the trial court because it

motion for new trial . . . is considered a disposition of the motion pursuant to OCGA § 5-6-38 (a), so as to commence the running of the 30-day period for filing an appeal." *Booker v. Amdur*, 186 Ga. App. 276 (367 SE2d 94) (1988). The running of the 30-day period did not relate back to the date of the entry of the judgment as suggested by the State, but rather runs from the date of the withdrawal of the motion for new trial. The appeal is properly before us and will be considered on its merits.

2. Heard enumerates as error the trial court's refusal to exclude evidence of a pretrial photographic identification procedure which he asserts was impermissibly suggestive. He complains that Heard's picture had booking information visible, that a number on Heard's photograph may have been circled, that the photo had a different colored background and that Heard's face may have been larger than the faces in the other photos. A review of the record reveals, however, that the booking information was blocked out and the circle around the number on Heard's photograph was not present when it was shown to the victim in the case. The six photographs contained in the array, a photocopy of which is part of the record in this case, all show black males of similar complexion, age, and all with short haircuts. "Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Citations and punctuation omitted.) *Talley v. State*, 209 Ga. App. 79, 80 (1) (432 SE2d 667) (1993). Also see *Jackson v. State*, 209 Ga. App. 53, 54 (1) (432 SE2d 649) (1993). We agree with the trial judge's assessment that the photo array was not impermissibly suggestive. The trial court did not err in allowing evidence concerning the pretrial identification procedure.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 8, 1993.

*John V. Lloyd*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.

---

was believed that the record had been transmitted prior to the preparation of, and without the inclusion of the transcript. The case was redocketed on June 18, 1993 at the request of the Clerk of the Superior Court of Chatham County.