S94A1214. MARTIN v. THE STATE.
(452 SE2d 95)

FLETCHER, Justice.

James H. L. Martin was convicted of malice murder, aggravated assault, and possession of a firearm during the commission of a felony in connection with the shooting death of Milton Sanford. Martin contends that he should be granted a new trial based on the insufficiency of the evidence, the improper admission of a statement into evidence, and prosecutorial misconduct. We affirm.[1]

1. Whether a defendant waives his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1969), and makes a voluntary and knowing statement depends on the totality of the circumstances. *Reinhardt v. State*, 263 Ga. 113, 115 (428 SE2d 333) (1993). On appeal the standard of review is whether the trial court was clearly erroneous in its factual findings on the admissibility of the statement. *Baldwin v. State*, 263 Ga. 524 (435 SE2d 926) (1993).

We conclude that the trial court correctly allowed the statement into evidence. The defendant was 26 years old and held a high school equivalency diploma. He knew that he was charged with murder. He was interviewed briefly on the morning of his arrest and again six hours later; *Miranda* warnings were given at the beginning of each interview. He made a telephone call to his family prior to the second interview, but did not ask them to obtain an attorney and did not request the presence of an attorney at his interviews. Although Martin told one officer that he was not going to say anything at that time and would not give a name because he was afraid for his family, he told another officer that he was willing to talk and allowed the officer to take notes. Based on the totality of these circumstances, the trial court's decision to admit the statement is not clearly erroneous.

---

[1] The crimes occurred on March 5, 1992, and Martin was indicted on August 14, 1992. On December 3, 1992, the jury convicted him and the judge sentenced him to life imprisonment and a term of five years. Martin filed a motion for a new trial on December 18, 1992, which was denied on March 16, 1994. The case was docketed on May 6, 1994, and submitted for decision on briefs without oral argument on June 27, 1994.

2. The opinion affirming the felony murder conviction of Carlton Bernard Johnson, one of Martin's co-defendants, describes the evidence presented at trial. See *Johnson v. State*, 263 Ga. 395 (435 SE2d 195) (1993); see also *Swint v. State*, 263 Ga. 601 (436 SE2d 320) (1993) (affirming the convictions of a second co-defendant). In addition, Johnson told police in a statement admitted into evidence that Martin had a gun and told Johnson to call Sanford. Sanford's girl friend testified that Tank, one of Martin's names, tied her up, retied Sanford's hands and feet, and guarded her while Sanford was shot. Martin admitted in his statement that he was standing next to Sanford's girl friend when Sanford was killed. When police arrested Martin, he was hiding under bed covers at Johnson's house and reaching for a semi-automatic pistol. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Martin guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. At a second hearing on his motion for a new trial, Martin asserted that the prosecutor talked with Martin twice after his conviction about threats on her life without his lawyers' permission. We disapprove of a prosecutor meeting with a defendant without his attorneys or their written consent.[2] Under the circumstances of this case, however, we conclude that the trial court correctly denied the motion for a new trial. The interviews occurred after Martin's conviction, concerned an issue other than the crimes for which he was convicted, and did not affect the trial or jury verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 1995.

*L. Elizabeth Lane,* for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General,* for appellee.

---

[2] This action may violate state bar rules. Standard 47 prohibits a lawyer who represents a client from communicating "on the subject of the representation with a party he knows to be represented by a lawyer in that matter" without the written consent of the party's lawyer or other legal authority. See Rules and Regulations for the Organization and Government of the State Bar of Georgia, Rule 4-102; see Directory Rule 7-104.