S94A1217. HENRY v. THE STATE.
(452 SE2d 505)

HUNT, Chief Justice.

Demale Henry, thirteen years old, assaulted and killed Cherida Kinlaw, seven years old, and was convicted of murder, aggravated child molestation, aggravated assault, and sexual battery. He was sentenced to life in prison for murder plus a term of 20 years to be served concurrently.[1] He appeals and we affirm.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact

---

[1] Henry committed the crimes for which he was convicted on May 11, 1991. He was indicted on May 16, 1991 by the DeKalb County Grand Jury and tried before a jury March 31 to April 7, 1992. The jury convicted him on April 7, 1992, of one count of malice murder, three counts of felony murder, one count of aggravated child molestation, one count of sexual battery, and one count of aggravated assault. The trial court sentenced Henry on April 7, 1992, to life in prison for malice murder and 20 years for aggravated child molestation, to be served concurrently, finding that the remaining charges merged. Henry's motion for new trial, filed April 24, 1992, was denied March 14, 1994. He filed his notice of appeal on April 13, 1994, and the appeal was docketed in this court on May 9, 1994. The case was submitted for decision without oral argument on July 5, 1994.

could have found Henry guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Henry contends the trial court erred in admitting his written statement of confession into evidence. He argued first that he did not make a knowing or voluntary waiver of his rights prior to giving the statement, and second that any initial waiver he might have made was vitiated by the coercive behavior and implied promises on the part of the police.

The question of whether a defendant waives his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1969) and makes a voluntary and knowing statement depends on the totality of the circumstances. *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993). At the time of the crimes, and of the statement in question, Henry was thirteen years and nine and a half months old. In *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976), we set out the nine factors trial courts must consider in determining whether there was a knowing and intelligent waiver by a juvenile of constitutional rights in making incriminating statements. See also *State v. McBride*, 261 Ga. 60, 63 (2) (b) (401 SE2d 484) (1991). These factors are: the age of the accused; the education of the accused; the knowledge of the accused as to the substance of the charge and nature of his rights to consult with an attorney; whether the accused was held incommunicado or allowed to consult with relatives or an attorney; whether the accused was interrogated before or after formal charges had been filed; methods used in interrogation; length of interrogation; whether the accused refused to voluntarily give statements on prior occasions; and whether the accused repudiated an extrajudicial statement at a later date. Id. On appeal, the standard of review is whether the trial court was clearly erroneous in its factual findings on the admissibility of this statement. *Martin v. State*, 264 Ga. 826 (452 SE2d 95) (1995).

Following a lengthy *Jackson-Denno* hearing, the trial court reviewed the evidence in light of each of the *Riley* factors and found, under the totality of the circumstances, that Henry knowingly and intelligently waived his constitutional rights and made his statements freely and voluntarily. In weighing the *Riley* factors, the trial court noted that Henry was fully informed of his rights and gave every indication, even under his own testimony, that he understood those rights and understood the charges against him; that he showed throughout a willingness to speak with the police officers; that his statements were made in a non-coercive setting in the presence of one or both of the two adults with whom he lived; and that no promise of benefit had been made to him. The trial court's findings are amply supported by the evidence and, because they certainly are not clearly erroneous, are

affirmed.

Henry also contends the statements were the product of an illegal arrest. This issue was not raised at trial, but the record amply demonstrates probable cause for his arrest. This contention is, then, without merit.

3. We find no merit to Henry's remaining enumeration of error, that the trial court erred in denying his motion for directed verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 1995.

*Melissa M. Nelson,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, John H. Petrey, Assistant District Attorneys, Michael J. Bowers, Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.