## S94A1264. LAWRENCE v. THE STATE.
### (453 SE2d 733)

HUNT, Chief Justice.

Kimberly Lawrence was found guilty of involuntary manslaughter, arson, aggravated battery, felony murder and cruelty to children.[1]

---

[1] The crimes for which Lawrence was convicted occurred on November 25, 1992. The

She appeals, and we affirm.

1. Lawrence argues that the evidence was insufficient to support the arson conviction. We disagree.

In this case, a jury was authorized to find that on the night of November 25, 1991, Kimberly Lawrence awoke when she heard her daughter Tyesha crying for her. Entering the bedroom, she found her four-year-old son Taiwan lying bloody and motionless in his bed. Suspecting that her seven-year-old son had stabbed his brother and thinking that she could cover up the cause of the wounds by starting a fire, she turned on the burners on her stove, ignited newspapers and placed the burning papers under a couch. She then left the room, with the fire burning, and went back to bed. She got up again only to see why the fire alarm had not gone off; at this time the fire was out of control and the apartment was engulfed in flames. Her son Taiwan was killed, her daughter Tyesha suffered third degree burns, lacerations and a punctured lung, and ten units in the apartment complex were destroyed in the fire.

Under OCGA § 16-7-60, a person commits first degree arson when she knowingly damages a dwelling under such circumstances that it is reasonably foreseeable that human life might be endangered. Here, the evidence clearly authorized a jury to find Lawrence guilty of arson.

Lawrence argues that she did not intend to endanger a life. Even if she did not specifically intend to endanger a life, she did, as she admitted, set the fire, and damage apartments in the complex, under circumstances that endangered human life, and "that is all the statute requires be proved." *Sweet v. State*, 191 Ga. App. 516, 520 (382 SE2d 376) (1989). Lawrence argues further that under *Reinhardt v. State*, 263 Ga. 113 (428 SE2d 333) (1993), arson requires an intent not only to set a fire but also to damage a building, and that there was insufficient evidence of her intent to damage the building. This argument is meritless. There was evidence from which a jury could determine that Lawrence set the fire to cover up the stabbing of her younger son, an act which necessarily involved damage to the building. Indeed, reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Lawrence guilty of all of the crimes for which she was convicted.

---

case came to trial on April 19, 1993, and concluded on April 23, 1993. Lawrence was found guilty of involuntary manslaughter, two counts of felony murder, arson, aggravated battery, and two counts of cruelty to children. She was sentenced to life in prison, ten years for cruelty to children, and ten years for aggravated battery, sentences to run concurrently. An extraordinary motion for new trial was filed on June 2, 1993, and denied on March 16, 1994. Lawrence filed notice of appeal on April 14, 1994. The appeal was transferred from the Court of Appeals to this Court and docketed on May 18, 1994. The case was submitted for decision on briefs on July 11, 1994.

*Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lawrence goes on to argue that in finding her not guilty of malice murder and guilty instead of involuntary manslaughter, the jury necessarily found that her child's death was caused without any intent and by an unlawful act other than a felony; accordingly, she maintains, the felony murder conviction must be reversed.

The rule in Georgia is that consistency in the verdict is not necessary and that every count in an indictment is regarded as if it were a separate indictment. *Alexander v. State,* 263 Ga. 474, 479 (435 SE2d 187) (1993). Thus, her acquittal of malice murder did not preclude a conviction of felony murder. Id.

3. Lawrence's remaining enumerations of error[2] are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995.

*Antje R. Kingma,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, J. Michael McDaniel, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.

---

[2] Lawrence also maintains that the trial court erred in failing to charge on accident and in sentencing her on the conviction for felony murder based on cruelty to children.