## A95A0203. ADAMS v. THE STATE.
(458 SE2d 918)

RUFFIN, Judge.

Micheal Angie Adams appeals from her conviction on four counts of forgery.

The evidence at trial showed that on November 13, 1993, Adams purchased furniture from J. D. Kinder's Furniture Store. Adams paid for the furniture by writing checks purported to be drawn on a NationsBank account of Ace Trucking & Storage for $1,454.96 and the account of Micheal Angie Adams for $238.16. Both checks were later returned by the bank stamped "UNABLE TO LOCATE ACCT." On February 1, 1994, Adams paid for groceries she purchased from Publix grocery store with a check purported to be drawn on a NationsBank account of Micheal Angie Adams in the amount of $247.51. The store manager subsequently learned the check was written on a nonexistent account, and when Adams returned to Publix a few days later attempting to cash another check, the manager contacted the police.

At trial, an investigating police officer testified that the phone number printed on the personal checks was a nonexistent number and that he could not locate any business called Ace Trucking. A representative from NationsBank testified that the bank never had any accounts in the names of Ace Trucking & Storage or Micheal Angie Adams; that there had never been any accounts at the address listed on the checks; and that Adams used these checks without NationsBank's authority.

1. Adams contends the trial court erred in failing to give her requested jury charge on negotiating fictitious checks. Adams contends that negotiating fictitious checks is a lesser included offense of forgery and therefore the charge should have been given.

Negotiating fictitious checks is a lesser included offense of forgery if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [forgery,] the crime charged." See OCGA § 16-1-6 (1). Under OCGA § 16-9-1 (a), Adams could be convicted of forgery in the first degree if, with the intent to defraud, she possessed the checks knowing that while they were purportedly made with the authority of NationsBank, the bank never gave such authority, and with this knowledge Adams uttered or delivered the checks. Under OCGA § 16-9-21, Adams could be convicted of negotiating a fictitious check if she negotiated a check knowing that the information printed on the check was fictitious.

After comparing the two offenses, we conclude that the offense of negotiating a fictitious check under OCGA § 16-9-21 can be established by less than all the facts required to establish forgery under OCGA § 16-9-1. Negotiation within the context of OCGA § 16-9-21 generally requires proof of the transfer or delivery of the check. See generally OCGA § 11-3-202. Similarly, proof of uttering or delivery is required as an element of forgery under OCGA § 16-9-1. The only other proof required to establish the commission of negotiating a fictitious check under OCGA § 16-9-21, is that the defendant knew that the information on the check was fictitious. "Fictitious" is defined by Black's Law Dictionary (5th ed. 1979) as pretended, counterfeit, feigned, imaginary, false, not genuine and nonexistent. Forgery under OCGA § 16-9-1 (a) requires proof that the check "purports to have been made . . . by authority of one who did not give such authority. . . ." While the forgery statute does not use the term "fictitious," it is clear that any information on a check that purports authority where none exists must by definition be fictitious information.

Accordingly, we conclude that the offense of negotiating a fictitious check is a lesser included offense of forgery. Thus, since there is evidence to support Adams's written request to charge on negotiating fictitious checks, and "[s]ince 'a written request to charge a lesser in-

cluded offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense,' *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990), the trial court's failure to give the charge requested by the defendant constitutes reversible error." *Reinhardt v. State*, 263 Ga. 113, 114 (2) (428 SE2d 333) (1993).

2. Adams further asserts the trial court erred in refusing to give her requested charge on issuing bad checks, which she contends is also a lesser included offense of forgery. However, since the offense of issuing bad checks under OCGA § 16-9-20 requires additional proof that the check was delivered "in exchange for a present consideration or wages . . . ," it cannot be established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of forgery. OCGA §§ 16-1-6; 16-9-1 (a). Because issuing bad checks is not a lesser offense of forgery, we find no error.

3. Having concluded in Division 1 that the trial court committed reversible error, it is unnecessary to address Adams' remaining enumerations of error concerning improper cross-examination by the State and the trial judge, improper closing argument by the State and the court's failure to give her requested charge on hearsay evidence.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 10, 1995.

*Lloyd J. Matthews*, for appellant.

*Robert E. Keller, District Attorney, Tom Woodward, Assistant District Attorney*, for appellee.