A96A2329. ANDERSON v. THE STATE.
(481 SE2d 595)

Judge Harold R. Banke.

Rufus Anderson II was convicted of burglary in a second trial of his case.[1] Following the denial of his motion for new trial, Anderson primarily seeks to challenge the admission of his confession and the

---

[1] By mutual agreement, during Anderson's first trial, the court declared a mistrial based on manifest necessity due to problems created by Hurricane Opal. Although Anderson's counsel makes numerous references in his appellate brief to the first trial, the jury based its verdict on the evidence admitted at the second trial.

sufficiency of the evidence.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Anderson no longer enjoys the presumption of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows. Shortly before midnight, the contents of several jewelry showcases at MJ Jewelers were looted during a break-in. Numerous items of jewelry having a wholesale value of $11,000 were stolen. Ted Smith, Anderson's cousin, testified that he purchased a Bulova watch for $25 from Anderson on the day after the burglary. Jeff Godwin, one of the store owners, identified the Bulova Marine Star watch which Detective Carl Smith confiscated from Ted Smith as similar to one of the missing watches normally sold for $225.

Donna Matthews, with whom Anderson and his girl friend, Ellen Lewis lived, vividly described her discovery of a nighttime jewelry sale. Matthews testified that when she arrived home late she discovered numerous people at her house and Lewis and Anderson selling a lot of jewelry that appeared new and had price tags.

At the *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) hearing, Anderson challenged the voluntariness of his confession. During the hearing, Detective Smith described the circumstances leading up to Anderson's confession. Detective Smith explained that after determining that Anderson was a possible suspect in the burglary at MJ Jewelers, he interviewed Anderson's girl friend, Ellen Lewis. Lewis informed Smith that on a recent occasion, when she arrived at Matthews' house she noticed jewelry on the bed next to Anderson. While Anderson remained in jail on an unrelated charge, Lewis requested permission to accompany Smith for a visit to Anderson. During their meeting, Smith commented that he was planning to charge Anderson with burglary and that he would probably charge Lewis as an accessory. At that point, before being read his rights, Anderson stated that Smith did not need to charge Lewis that he would confess to the jewelry store burglary. According to Smith, Anderson then signed a written waiver of his *Miranda* rights prior to writing out a statement. In his handwritten confession, Anderson described breaking into MJ Jewelers, grabbing rings and watches from showcases then fleeing. Anderson stated that he primarily sold the jewelry on the street for crack although he did specifically mention selling jewelry to Ted Smith. The court determined that Anderson's confession was admissible and it was later read into evidence at trial.

During his trial, Anderson admitted selling jewelry from Matthews' house but claimed he had bought some of it from a stranger at the bus station for $100 and acquired the rest while serving in the military. According to Anderson, the watch he sold to Ted Smith was

part of the jewelry he had purchased from the stranger. *Held*:

1. In two enumerations, Anderson challenges the denial of his motions in limine and to suppress and the trial court's admission of his confession. When reviewing a ruling on a suppression motion, the evidence must be construed most favorably toward the trial court's findings and judgment unless they are clearly erroneous. *Ledford v. State*, 220 Ga. App. 272, 273 (469 SE2d 401) (1996). During the *Jackson-Denno* hearing, Detective Smith explained that he told Anderson that he was considering charging Lewis, Anderson's girl friend, as an accessory to the crime. Smith's statement was a mere "truism" or recounting of facts rather than a threat of injury or promise of benefit within the meaning of OCGA § 24-3-50. *Sampson v. State*, 165 Ga. App. 833, 835 (9) (303 SE2d 77) (1983); *Copeland v. State*, 162 Ga. App. 398, 400 (3) (291 SE2d 560) (1982). The trial court did not err in admitting Anderson's written confession. *Martin v. State*, 264 Ga. 826 (1) (452 SE2d 95) (1995). Inasmuch as the trial court properly admitted Anderson's confession, it follows that the trial court correctly denied Anderson's motions in limine and to suppress the same.

2. Based on Matthews' testimony that she saw Anderson selling tagged jewelry that appeared new, Lewis' statement that Anderson had jewelry on a bed, Anderson's incriminating custodial statement, and his apparently implausible explanation as to how he obtained the jewelry, a rational trier of fact could have found Anderson guilty beyond a reasonable doubt of the crime of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Having determined that the evidence was sufficient to sustain Anderson's conviction within the meaning of *Jackson v. Virginia*, 443 U. S. at 319, it necessarily follows that the trial court did not err in denying Anderson's motion for directed verdict of acquittal. *Hogan v. State*, 210 Ga. App. 122, 123 (1) (435 SE2d 494) (1993).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 12, 1997.

*Barham, Dover, Bennett, Miller, Sherwood & Stone, William W. Broadfoot III*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.