## A01A0834. KELLY v. THE STATE.
(553 SE2d 175)

ELLINGTON, Judge.

Walter Lee Kelly was convicted by an Emanuel County jury of burglary, OCGA § 16-7-1. Kelly appeals from the denial of his motion for new trial, contending the trial court erred in admitting statements he made to the county sheriff while in custody. Finding no error, we affirm.

In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. *Reinhardt v. State,* 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993). Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson-Denno*[1] hearing will be upheld on appeal. *Vansant v. State,* 264 Ga. 319, 320 (443 SE2d 474) (1994).

After Kelly was arrested, he gave a custodial statement denying participation in the burglary. He does not contest that this first statement was freely and voluntarily made, that the sheriff read him his *Miranda*[2] warnings, and that he signed a waiver of rights form. A few days later, after Kelly's accomplice was caught and began talking to the sheriff and blaming Kelly for the burglary, Kelly told his jailer that he wanted to talk to the sheriff. The sheriff agreed to talk to Kelly. Before doing so, however, the sheriff gave Kelly *Miranda* warnings and reminded him of his previous waiver. Kelly told the sheriff that both he and his accomplice entered the house and that his accomplice "went first."

Kelly argues that a "fair reading" of the sheriff's *Jackson-Denno* testimony suggests that the sheriff did not inform him of his rights, and that the sheriff's failure to have him sign a waiver form during this second interview renders the statement inadmissible. We disagree with both of these propositions. The trial court heard the sheriff's testimony and was in the best position to evaluate it. The record supports the court's finding that the sheriff gave Kelly *Miranda* warnings before the second interview. The evidence authorized a

---

[1] See *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] See *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

finding that Kelly, who initiated this meeting, freely and voluntarily waived his constitutional rights before talking with the sheriff. See *Peebles v. State*, 196 Ga. App. 176, 178 (1) (c) (395 SE2d 640) (1990). Further, a signed waiver of rights form is not a prerequisite to finding a statement admissible. *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111) (1988). It is simply one factor for the court to evaluate in determining whether, in the totality of the circumstances, a defendant's statement was freely and voluntarily made. Id. Finally, considering the fact that Kelly's accomplice testified against him at trial and that substantial circumstantial evidence corroborated his testimony, error, if any, was rendered harmless. *Coleman v. State*, 271 Ga. 800, 804 (6) (523 SE2d 852) (1999) ("Any error in the admission of appellant's custodial statement . . . was rendered harmless by the overwhelming evidence of [his] guilt. . . . [Cit.]").

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 30, 2001.

*Lovett Bennett, Jr.*, for appellant.
*Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.