### S01A0636. HEARD v. THE STATE.
(552 SE2d 818)

BENHAM, Justice.

Appellant Isiah Heard and his co-defendant, Morrell Ashford, were convicted of and sentenced for the murder of Jerald Manley and the aggravated assaults of Darrin Burgess and Anthony Cleveland.[1] We affirmed Ashford's convictions in *Ashford v. State*, 271 Ga. 148 (518 SE2d 420) (1999).

1. " 'It is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction.' " *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). In the case at bar, there is a question whether appellant filed a timely notice of appeal. Since the timely filing of a notice of appeal is an absolute prerequisite to confer jurisdiction upon the appellate court (id.), we must determine whether the appeal must be dismissed for failure to file a timely notice of appeal. See OCGA § 5-6-48 (b) (1).

OCGA § 5-6-38 (a) states that a notice of appeal "shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial . . . has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion."

---

[1] The crimes occurred on February 15, 1995, and appellant was arrested on February 24. He and Ashford were charged with malice murder, felony murder and three counts of aggravated assault in an indictment returned September 28, 1995. Appellant and Ashford stood trial March 12-19, 1996, and both were found guilty of all counts. Appellant's sentences to life imprisonment for the murder conviction and concurrent 20-year sentences for the two non-fatal aggravated assaults, with the concurrent sentences to be served consecutively to the sentence of life imprisonment, were imposed March 19 and filed April 3, 1996. Appellant filed a motion for new trial on March 28, 1996, and a notice of appeal on July 16, 1999. He withdrew his motion for new trial on November 6, 2000, and the appeal was docketed in this Court pursuant to his July 1999 notice of appeal on January 19, 2001. It has been submitted for decision on the briefs.

Appellant's July 1999 notice of appeal was not filed within 30 days of the April 1996 judgment of conviction. Appellant filed a motion for new trial, but the trial court never issued an order granting, overruling, or otherwise finally disposing of appellant's motion for new trial. Instead, appellate counsel withdrew his client's motion for new trial by filing a "dismissal" of the motion, and no court order was entered in connection with that action. Compare *Bailey v. State*, 264 Ga. 300, n. 1 (443 SE2d 836) (1994), where the trial court signed the consent order withdrawing the motion for new trial; *Ailion v. Wade*, 190 Ga. App. 151 (378 SE2d 507) (1989), where the trial court entered an order withdrawing the motion for new trial at the movant's request.

Our affirmance of a judgment of conviction in a similar procedural posture in *Johnson v. State*, 263 Ga. 395 (435 SE2d 195) (1993), may have led appellate counsel to believe it was not necessary to obtain a trial court order disposing of the motion for new trial in order to extend the time for filing a notice of appeal beyond the 30 days immediately following the entry of judgment.[2] In *Johnson*, we addressed the merits of the appeal despite Justice Carley's dissenting contention that the Court did not have jurisdiction to consider the appeal because the notice of appeal had not been filed timely. Id. at 396. Because we did not rule on this Court's jurisdiction in *Johnson*, no binding precedent was established. *Allen v. State*, 219 Ga. 777, 778 (135 SE2d 885) (1964). See also *Douglas v. Wages*, 271 Ga. 616, 617, n. 2 (523 SE2d 330) (1999); *Lewis v. Robinson*, 254 Ga. 378 (329 SE2d 498) (1985). We now hold that OCGA § 5-6-38 requires a *trial court order* granting, denying, or otherwise finally disposing of a party's motion for new trial in order to extend the time for filing a notice of appeal more than 30 days after the entry of judgment. A party's voluntary withdrawal of its motion for new trial, standing alone, is not the statutorily-required court order finally disposing of the motion for new trial. See, e.g., *Hall v. State*, 213 Ga. App. 242 (445 SE2d 578) (1994); *Marshall v. State*, 205 Ga. App. 531 (422 SE2d 677) (1992); *Taylor v. State*, 173 Ga. App. 745 (327 SE2d 860) (1985). In so holding, we must overrule Division 1 of *Richards v. State*, 247 Ga. App. 345 (1) (542 SE2d 622) (2000), in which the Court of Appeals relied on our decision in *Johnson v. State*, supra, and *Heard v. State*, 210 Ga. App. 805 (1) (437 SE2d 496) (1993).[3] However, in

---

[2] In the case at bar, appellant's notice of appeal, premature since it was filed while the motion for new trial was pending, would have ripened upon a ruling on the motion for new trial. *Hearst v. State*, 212 Ga. App. 492 (441 SE2d 914) (1994). See *McCulley v. State*, 273 Ga. 40, n. 3 (537 SE2d 340) (2000) (premature notice of appeal ripened upon filing of sentence).

[3] We read *Golden v. Credico, Inc.*, 124 Ga. App. 700, 701 (185 SE2d 578) (1971), the touchstone for the appellate decisions holding that a party's withdrawal of a motion for new trial constitutes a final disposition of the motion which extends the time for filing a notice of appeal, as holding that a letter to counsel from a trial judge returning a properly-filed

light of *Johnson* and the possibility that appellate counsel may have relied on it to withdraw appellant's motion for new trial in an attempt to get the appeal docketed in this Court, it would be an injustice to dismiss appellant's appeal for lack of a timely notice of appeal. Accordingly, we will address the merits of the appeal.

2. The District Attorney's motion to dismiss the appeal because appellant's brief was not timely filed is denied. Statutorily, an appeal is not subject to dismissal unless the notice of appeal is not timely filed; the judgment appealed is not a final judgment; or the questions presented by the appeal have become moot. OCGA § 5-6-48 (b) (1)-(3). The appellate courts will also dismiss an appeal for failure to file a brief and enumeration of errors when the appellant has not complied with an order of the court which outlines the deficiency and sets a date by which the tardy brief must be filed. See, e.g., *Mitchell v. State*, 214 Ga. App. 69 (447 SE2d 140) (1994). See also *Favors v. State*, S94A1234 (decided July 22, 1994). No such order issued in the case at bar.

3. The State presented evidence that appellant and co-defendant Ashford brought a brown briefcase with them when they traveled together from Alabama to Atlanta. They met victim Manley's colleague at a local university and were taken to meet Manley at victim Burgess's residence. When Manley arrived at the residence, he brought a package which several witnesses testified contained plastic bags of cocaine. The witnesses also testified that Ashford shot Manley in the head while Manley struggled to open the locked briefcase appellant and Ashford had brought. Darrin Burgess testified that appellant shot him and shot at Anthony Cleveland as Cleveland fled the scene. When Burgess returned to his home following treatment for his wounds, he found the brown briefcase and its contents: tax forms for Morrell Ashford and a photo of the man, later identified as being Ashford, whom Burgess had seen shoot Manley. Co-defendant Ashford was arrested and, a week later, appellant was arrested. Ashford testified that appellant had initiated the trip to Atlanta and that Ashford had found someone to sell cocaine to appellant. Ashford stated that appellant borrowed Ashford's briefcase and refused to let the cocaine sellers see the money purportedly contained in the briefcase until he had the cocaine. The evidence was sufficient to autho-

---

motion on the ground that it was not properly filed is not an "order." In dicta, the *Golden* court went on to posit that a motion for new trial could be disposed of by the trial court granting it, overruling it, or dismissing it; or by the movant withdrawing the motion. While the motion may be "disposed" of in any of these four ways, only the first three involve "the entry of [an] *order* . . . finally disposing of the motion." (Emphasis supplied.) OCGA § 5-6-38 (a). Only when a movant's withdrawal of its motion for new trial is memorialized in a court order is there an order finally disposing of the motion that triggers the 30-day period in which a party may file a timely notice of appeal.

rize a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder and two counts of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant contends the trial court erred when it failed to strike for cause a venirewoman who purportedly stated she was biased against the use of illegal drugs, having seen their effect on a relative. "Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will not be able to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." *Garland v. State*, 263 Ga. 495 (1) (435 SE2d 431) (1993). Since the venirewoman told the trial court she would try to put her emotions aside and decide the case on the evidence presented, we cannot say the trial court abused its discretion in failing to remove her for cause. Id.

5. Appellant sees reversible error in the trial court's denial of his motion to sever his trial from that of his co-defendant. Appellant maintains he and his co-defendant had mutually exclusive, irreconcilable, and antagonistic defenses, with appellant contending he was not present at the shootings and his co-defendant testifying that appellant was the active mastermind of a plan to steal illegal drugs by agreeing to purchase the drugs and then not paying for them. Whether to try separately or jointly defendants who are jointly indicted for a non-capital felony is a matter for the trial court's discretion (OCGA § 17-8-4), and this Court will not find error in the denial of a motion to sever absent an abuse of discretion. *Davis v. State*, 266 Ga. 801 (3) (471 SE2d 191) (1996). The existence of antagonistic defenses is not enough to require severance — harm due to the failure to sever must be shown. *Dennard v. State*, 263 Ga. 453 (5) (435 SE2d 26) (1993). Appellant sees harm in the fact that his co-defendant was permitted to give hearsay testimony, thereby depriving appellant of his right to confront witnesses, and to place appellant's character in issue by depicting appellant as a cocaine distributor. However, appellant has not shown the necessary clear prejudice since, even if the motion to sever had been granted, the co-defendant could have given the same testimony at appellant's separate trial. *Kennedy v. State*, 253 Ga. 132 (2) (317 SE2d 822) (1984).

6. Appellant next argues that the trial court committed reversible error by permitting the co-defendant to give hearsay testimony by testifying that his cousin had told him, in appellant's presence, that appellant wanted to know if the co-defendant could get cocaine for appellant. Even assuming the testimony constituted inadmissible hearsay, its admission does not constitute reversible error unless appellant suffered harm. *McKenzie v. State*, 271 Ga. 47 (2) (518 SE2d 404) (1999). In light of the overwhelming evidence of appellant's

guilty involvement in the murder and aggravated assaults, including eyewitness and accomplice testimony, we conclude that it is highly probable that the admission of the co-defendant's contested testimony did not contribute to the verdict. See *Wright v. State*, 226 Ga. App. 499 (2) (486 SE2d 711) (1997). Accordingly, even if the admission of the testimony was erroneous, it was not harmful error.

7. Lastly, appellant complains the trial court erroneously failed to instruct the jury sua sponte on the statutory definition of hearsay with respect to the co-defendant's testimony. He acknowledges the trial court defined hearsay for the jury with regard to a police officer's testimony. The failure of the trial court to give the jury instruction appellant contends was necessary cannot be reversible error in the absence of a written request to so charge. See *Floyd v. State*, 272 Ga. 65 (6) (525 SE2d 683) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Stephen T. Maples*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Angel Wheeler, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.