# Court of Appeals of the State of Georgia

ATLANTA,  August 22, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1297. IN RE THE ESTATE OF DOROTHY LEE OBOSLA, DECEASED.**

On September 4, 2024, the probate court entered judgment in favor of the Estate of Dorothy Lee Obosla and against Joseph Dean Obosla and ordered Joseph to pay attorney fees to Scott Obosla under OCGA § 13-6-11. Joseph's notice of appeal, as amended, designated 11 specific documents to be included in the record, and his appeal was docketed in this Court in March 2025. Shortly thereafter, Joseph filed an emergency motion to remand this case to the probate court so that he could receive a copy of the record index, a letter for costs, and a return receipt for that letter. On March 25, 2025, this Court denied the emergency motion, finding that Joseph had not asserted that any of the 11 documents designated in his notice of appeal were missing from the record. In the March 25 order, this Court also ordered Joseph to file his brief by April 4, 2025. Rather than filing a brief, Joseph filed a motion for reconsideration, which was denied, and he then filed notice of his intent to petition for a writ of certiorari in the Supreme Court of Georgia, where the matter has been docketed as Case No. S25C1067. See generally Court of Appeals Rule 38 (a). On August 6, 2025, this Court issued another order directing Joseph to file his brief and enumeration of errors by August 15, 2025, or his appeal would be dismissed. Joseph has filed notice that he intends to petition for a writ of certiorari to challenge the August 6 order as well. He still has not filed an appellant's brief.

Under our Constitution's two-term rule, this Court is required to "dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term." Ga. Const. of 1983 Art. VI, Sec. IX, Par. II. Without a brief and

enumeration of errors from Joseph, we are unable to issue any ruling on this case. Accordingly, this appeal is hereby DISMISSED. See generally *Heard v. State*, 274 Ga. 196, 198 (2) (552 SE2d 818) (2001) (explaining that appellate court will "dismiss an appeal for failure to file a brief and enumeration of errors when the appellant has not complied with an order of the court which outlines the deficiency and sets a date by which the tardy brief must be filed").



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __08/22/2025__

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*