## A96A0510. NEST INVESTMENTS, INC. v. TZAVARAS.

(471 SE2d 223)

BEASLEY, Chief Judge.

Nest Investments, Inc., brought this suit against Tzavaras and suffered summary judgment in favor of defendant. Nest's appeal was dismissed due to inexcusable delay in transmission of the record to the appellate court caused by Nest's failure to pay costs. Tzavaras subsequently moved for an award of attorney fees and litigation expenses under OCGA § 9-15-14.

On February 28, 1995, the trial court granted the motion and, on March 1, entered a supplemental order setting out findings of fact and conclusions of law in support of the award. Nest filed a motion to reconsider both orders. It also filed an application for discretionary appeal of the orders. While that application was pending, the trial court on April 14 granted the motion for reconsideration, thereby vacating and setting aside the February 28 and March 1 orders. Nest then withdrew its appeal application.

Defendant Tzavaras filed a motion for reconsideration of the April 14 order in the trial court and an application for discretionary appeal in this Court. We permitted the appeal, after which the trial court granted Tzavaras' motion to reconsider, on June 8. Plaintiff Nest petitioned for discretionary appeal of the June 8 order. We granted that application and consolidated it with Tzavaras' appeal.

By filing the applications for discretionary appeal, the parties moved the lawsuit to another level and divested the trial court of jurisdiction to enter the April 14 and June 8 orders. *Robinson v. Dept. of Corrections*, 211 Ga. App. 134, 136 (1) (438 SE2d 190) (1993). "The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas." OCGA § 5-6-35 (h). According to OCGA § 5-6-46, the notice "has the effect of depriving the trial court of jurisdiction to modify or alter the judgment. [Cits.] . . . [But it] does not act as supersedeas except 'upon payment of all costs in the trial court by the appellant,' OCGA § 5-6-46 (a), whereas there is no such requirement upon the filing of an application. [Cit.] The trial court costs do not have to be paid until the application is granted and the notice of appeal is filed. . . . OCGA § 5-6-35 (h) provides that it is the *filing* of the application, which of course occurs much earlier [than the *grant*], that acts as supersedeas." (Emphasis in original.) *In the Interest of A. R. B.*, 209 Ga. App. 324 (1), 325 (433 SE2d 411) (1993) (physical precedent only).

*Judgments reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 27, 1996 —
RECONSIDERATION DISMISSED MAY 6, 1996 — ▮▮▮▮▮▮▮

*Morris L. Richman*, for appellant.

*McLarty, Robinson & Van Voorhies, John E. Robinson, Pratt H. Davis*, for appellee.