A97A1152. BRYSON v. THE STATE.
(491 SE2d 184)

MCMURRAY, Presiding Judge.

This is a discretionary appeal from a revocation of probation. Defendant Bryson entered a plea of guilty to aggravated assault and was sentenced to ten years confinement, one to serve and the remaining nine years to be served on probation. The sentence was filed on September 29, 1995, while a petition for revocation of probation was filed on October 9, 1996. The petition for revocation alleged that defendant had violated his probation by making unwanted contact with his minor daughter for the purpose of harassing and intimidating her in violation of a protective order prohibiting such behavior. On October 25, 1996, the superior court entered a revocation order and on November 25, 1996, defendant applied for permission to file this discretionary appeal.

One of the issues presented in defendant's application was

whether the trial court had erred by revoking in full the remainder of defendant's probation. In his application, defendant argued that the maximum amount of his sentence which could be revoked was either five years pursuant to OCGA § 42-8-34.1 (c) or two years pursuant to OCGA § 42-8-34.1 (b). We granted defendant's application for appellate review in large part to address this apparent error in sentencing.

However, while defendant's application for discretionary appeal was pending, the State sought an amendment of the order of probation revocation in the trial court in order to correct an alleged misstatement in the trial court's findings of fact. The trial court entered an amended findings of fact and order dated December 5, 1996, which revised the findings of fact and reduced the period for which defendant's probation was revoked to five years. *Held*:

1. First, we must address the jurisdiction of the trial court to enter an amended revocation order subsequent to defendant's filing of an application for discretionary appeal. Pursuant to OCGA § 5-6-35 (h), the filing of that application acted as a supersedeas to the same extent as a notice of appeal. Thus, the trial court was divested of jurisdiction to enter an order altering or amending the original revocation order which defendant sought to appeal. Contrary to the State's reliance upon OCGA § 15-1-3 (6), the filing of an application for discretionary appeal or notice of appeal has the effect of depriving the trial court of jurisdiction to modify or alter its judgment. *Nest Investments v. Tzavaras*, 221 Ga. App. 282 (471 SE2d 223); *In the Interest of A. R. B.*, 209 Ga. App. 324, 325 (1) (433 SE2d 411) (physical precedent only); *Holt v. State*, 205 Ga. App. 40 (1) (421 SE2d 131). Since the trial court lacked jurisdiction to consider the State's motion to amend the order of revocation or to enter an order thereon, the amended revocation order must be considered void and a nullity.

2. The original revocation order, entered on October 25, 1996, states as the basis of the revocation of probation that "respondent did violate the terms and conditions of his probation in the way and manner alleged in the probation delinquency report, *by his own admission*, said act(s) being violations of the terms and conditions of his probation beyond a reasonable doubt." (Emphasis supplied.) Defendant correctly asserts that the finding that he admitted violating the terms of his probation is unsupported by the evidence. Therefore, the order of revocation must be vacated and the case remanded to the trial court for the entry of a findings of fact and judgment authorized by the evidence.

3. However, the trial court did not err in determining that defendant violated the terms of his probation in the manner alleged. The conduct alleged constituted the crime of aggravated stalking, OCGA § 16-5-91 (a). (The maximum time of imprisonment authorized to be imposed for the crime constituting aggravated stalking

shall be five years.)

At the revocation hearing, defendant relied upon certain alibi evidence, but there were contradictions and credibility issues presented in the evidence concerning defendant's whereabouts on the evening in question so that the trial court as trier of fact was authorized to conclude that defendant's alibi evidence lacked credibility and that a preponderance of the evidence established that defendant did wilfully make unwanted contact with and harass his daughter as alleged.

There is also no merit in defendant's argument that the temporary protective order did not restrain him from harassing his daughter who was not identified by name in the temporary protective order. That order had been obtained by defendant's common law wife, who was the physical custodian of defendant's 11-year-old daughter from a former marriage. Defendant's common law wife had alleged that she and her minor children were in immediate danger for their physical safety, and this was recited in the order which restrained defendant from harassing "Petitioner and the minor child(ren) in any manner. . . ." Under the applicable preponderance of the evidence standard, there was ample evidence to support a conclusion that defendant was sufficiently informed that the terms of the temporary protective order limited his conduct in relation to his daughter.

4. Although defendant's application for discretionary appeal was granted so that we could consider his contention that the revocation in full of the remaining period of probation as provided in the order entered October 25, 1996, was error, this enumeration of error stated in defendant's application has not been raised on appeal. Instead, defendant has argued that revocation of his probation for a period of five years was error, a position clearly directed to the amended probation order which we have concluded to be void. Thus, this enumeration of error presents nothing for review. While it appears that the trial court has recognized the apparent error which precipitated the grant of defendant's application, attention is directed on remand to OCGA § 42-8-34.1 (c).

*Judgment vacated and case remanded with direction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1997.

*Weems & House, Brian M. House,* for appellant.
*Herbert E. Franklin, District Attorney, Michael J. Moeller, Elizabeth A. Overcamp, Assistant District Attorneys,* for appellee.