A98A2221. DEPARTMENT OF HUMAN RESOURCES
v. HOLLAND.
(511 SE2d 628)

POPE, Presiding Judge.

The Department of Human Resources ("DHR") petitioned the superior court to adopt DHR's recommended increase in the amount

of child support being paid by Michael Holland to his former wife Linda Holland. The court denied the petition on December 1, 1997. DHR then filed a motion for new trial on December 22.[1] On December 31, before the superior court ruled on the motion, DHR applied for discretionary review of the trial court's order denying the petition. We granted the application on January 16, 1998, and DHR filed its notice of appeal on January 22. In spite of the appeal, a hearing on the motion for new trial was held on April 14, 1998. The court entered its order denying the motion on April 20. On May 15, DHR filed a second application in this Court, seeking discretionary review of the trial court's denial of the motion for new trial. Later, on May 18, DHR voluntarily dismissed its original appeal, which had not yet been docketed in this Court. On June 9, we granted the second DHR application for discretionary review, and DHR filed its notice of appeal on June 18. That appeal, from the trial court's denial of the motion for new trial, was docketed in this Court on July 9, 1998, and is now before us.

Upon further review, we find that we improvidently granted DHR's second application for discretionary review and are without jurisdiction to consider the merits of the case. The filing of an application for discretionary review acts as a supersedeas and has the effect of depriving the trial court of jurisdiction to modify or alter its judgment. *Nest Investments v. Tzavaras*, 221 Ga. App. 282 (471 SE2d 223) (1996); OCGA § 5-6-35 (h). In the instant case, when DHR filed its initial application for discretionary review on December 31, 1997, the trial court was divested of jurisdiction to rule on DHR's motion for new trial. See *Bryson v. State*, 228 Ga. App. 84, 85 (1) (491 SE2d 184) (1997). Consequently, the court's order of April 20, 1998, denying that motion is void and a nullity. See id.; *In the Interest of A. R. B.*, 209 Ga. App. 324, 325 (1) (433 SE2d 411) (1993) (physical precedent only). Because that order is a nullity, it provides no jurisdictional basis for the appeal before us. Accordingly, the improvidently granted discretionary appeal must be dismissed.

*Appeal dismissed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 1999.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, William C. Joy, Senior Assistant Attorneys General, Katherine S. Davis, Assistant Attorney General*, for appellant.

---

[1] For purposes of this appeal, we assume without deciding that DHR's motion for new trial was, in substance, an appropriate method of asking the court to set aside its ruling. See OCGA § 9-11-60; *Dept. of Human Resources v. Browning*, 210 Ga. App. 546, 547 (1) (a) (436 SE2d 742) (1993).

*McFarland & Associates, Robert P. McFarland, Bert E. Barker*, for appellee.