## A08A1963. GUTHRIE v. WICKES et al.
### (673 SE2d 523)

MILLER, Chief Judge.

Jean Guthrie sued Donna Wickes, individually and d/b/a Global IT Associates, for unpaid wages, and Wickes later suffered the entry of default judgment against her. This Court granted Guthrie's application for interlocutory appeal from the trial court's order denying Guthrie's motion for reconsideration of its order granting Wickes' second motion to set aside the default judgment. Guthrie appeals, arguing that the trial court erred in denying her motion for reconsideration because (i) the trial court lacked subject matter jurisdiction to consider Wickes' second motion to set aside default judgment because her appeal from the trial court's denial of her first such motion was then the subject of discretionary review, (ii) consideration of the issues raised in Wickes' second motion to set aside default judgment was barred by the doctrine of res judicata, and (iii) the trial court's order granting Wickes' second motion to set aside default judgment violated the law of the case rule. Finding that the pendency of Wickes' application for discretionary review of the trial court's denial of her first motion to set aside default judgment acted as a supersedeas depriving the trial court of subject matter jurisdiction to consider Wickes' second such motion and that the doctrines of res judicata and the law of the case barred consideration thereof, we reverse.

The facts are undisputed, and the issue before us is whether the trial court's order granting Wickes' second motion to set aside the default judgment was null and void for lack of subject matter jurisdiction. "This question is one of law, which we review de novo. [Cit.]" *State of Ga. v. Free At Last Bail Bonds*, 285 Ga. App. 734 (647 SE2d 402) (2007).

The record shows that Guthrie brought her suit against Wickes for unpaid wages on January 25, 2006. When her efforts to serve Wickes failed, Guthrie filed a motion for service by publication, which the trial court granted on June 8, 2006. Wickes thereafter failed to file an answer to Guthrie's complaint, and, on August 30, 2006, the trial court entered an order of default judgment against Wickes. On October 4, 2006, following a bench trial on damages, the trial court entered final judgment for Guthrie and against Wickes in the amount $23,725 and attorney fees and expenses of litigation of $3,407.71. On March 14, 2007, Wickes filed a motion to set aside the default judgment, contending that service by publication was insufficient to give the trial court personal jurisdiction over her because Guthrie presented no evidence that she knew about the lawsuit and had attempted to evade service. On May 7, 2007, the trial court denied the same.

Three weeks later, Wickes filed a second motion to set aside the default judgment, again asserting lack of personal jurisdiction. She alleged the same grounds averred in her first motion to set aside the default judgment, but supported the same for the first time by her own affidavit purporting to show that she did not know about the lawsuit or attempt to evade service. Wickes also argued in her second motion that service by publication was not authorized because (i) Guthrie failed to present an affidavit or verified complaint to show she had a valid claim under OCGA § 9-11-4 (f) (1) (A), and (ii) Guthrie failed to prove she exercised due diligence in attempting to serve Wickes.

On June 6, 2007, Wickes filed an application for discretionary review in this Court seeking review of the trial court's May 7, 2007 order denying her motion to set aside the default judgment. On June 26, 2007, this Court denied the application, and Wickes timely petitioned the Supreme Court of Georgia for certiorari. On September 20, 2007, the trial court granted Wickes' second motion to set aside default judgment on the basis that Guthrie had failed to show that Wickes had wilfully concealed herself to avoid service. On October 2, 2007, Guthrie moved for reconsideration thereof. Approximately one month later, the Supreme Court denied Wickes' petition for certiorari, and, on March 31, 2008, the trial court denied Guthrie's motion for reconsideration of its grant of the second motion to set aside default judgment. We granted Guthrie's application for interlocutory appeal from the same on May 2, 2008. The instant appeal followed.

1. Guthrie contends that the trial court erred in denying her motion for reconsideration because the trial court's grant of Wickes' second motion to set aside default judgment was void for lack of subject matter jurisdiction. Guthrie argues that the trial court lacked subject matter jurisdiction — this because Wickes' petition for certiorari before the Supreme Court from our denial of her application for discretionary review of her first motion to set aside default judgment was still pending when the trial court entered its order. We agree.

> As a general rule, in civil actions other than injunctions, a trial court, upon the filing of a notice of appeal, loses jurisdiction to modify or enforce a judgment which is the subject of the appeal during the period of supersedeas. See generally OCGA § 5-6-46. On the other hand, matters which are independent of and distinct from the judgment on appeal remain within the jurisdiction of the trial court.

*Davis v. Harpagon Co.*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006); see

*Cohran v. Carlin*, 249 Ga. 510, 512 (291 SE2d 538) (1982) ("[T]he notice of appeal . . . does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal.") (citation omitted); see also *In the Interest of A. R. B.*, 209 Ga. App. 324 (433 SE2d 411) (1993) (trial court divested of jurisdiction to act on pending reconsideration motion after application filed).

In this case, the question raised by the successive motions to set aside was whether the trial court erred in authorizing service by publication on Wickes for lack of personal jurisdiction to enter the default judgment against her. While the second motion to set aside default judgment included new arguments and contained a new affidavit submitted by Wickes, Wickes' second motion to set aside default judgment was clearly directly related to her first motion, which remained pending on appeal by petition for certiorari before the Supreme Court of Georgia. Both motions attacked the validity of the default judgment on the ground that the trial court lacked personal jurisdiction to enter the default judgment against Wickes. Because the appeal of the first motion was still pending, the trial court lacked subject matter jurisdiction to grant the second motion to set aside the default judgment, and that order is vacated and set aside as a nullity. It follows that the trial court's refusal to reconsider that order, entered on restored subject matter jurisdiction upon final disposition of Wickes' appeal five months earlier, was error. The trial court's order denying reconsideration is therefore reversed.

We address the following claims of error because they may arise upon any further consideration of the case below.

2. Guthrie claims that the trial court's consideration of Wickes' second motion to set aside default judgment was foreclosed by the doctrine of res judicata. Again, we agree.

This Court denied Wickes' application for discretionary review of the trial court's order denying her first motion to set aside default judgment on June 26, 2007. On May 23, 2007, Wickes filed her second motion to set aside default judgment, once again raising the issue of personal jurisdiction attaching for the first time her own affidavit. Because this Court denied Wickes' application for discretionary review of her first motion to set aside default judgment (a final judgment on the merits entered on October 4, 2006) (see *Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 371 (1) (501 SE2d 606) (1998)), the trial court's further consideration of Wickes' claim of improper service by publication was barred by the doctrine of res judicata. An order denying an application for discretionary review invokes the doctrine of res judicata when, as here, the judgment appealed from is final and on the merits. *Northwest Social and Civic Club v. Franklin*, 276 Ga. 859 (583 SE2d 858) (2003); *McLemore v. Stephenson*, 181 Ga. App. 828, 829 (354 SE2d 17) (1987).

3. Further, we are persuaded, as Guthrie contends, that the trial court's order granting Wickes' second motion to set aside default judgment violated the law of the case rule. "The law of the case rule has formally been abolished except as it applies to rulings by one of the appellate courts; they are binding in all subsequent proceedings. [Cit.]" *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629 (1) (493 SE2d 196) (1997). As set forth in OCGA § 9-11-60 (h), the rule provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."

An exception to the foregoing rule permitting issues to be relitigated after appeal exists when the evidentiary posture of the case changes such that "the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented." *McLean v. Continental Wingate Co.*, 222 Ga. App. 805, 807 (1) (476 SE2d 83) (1996). "Thus, if subsequent to an appellate decision, the evidentiary posture of the case changes in the trial court, the law of the case rule does not limit or negate the effect that such change would otherwise mandate." (Citation and punctuation omitted.) *Brown*, supra, 228 Ga. App. at 629 (1).

Here, Wickes did not expand the evidentiary record in the trial court *after* this Court entered its order denying her application for discretionary appeal. Rather, she submitted her own affidavit in support of her second motion to set aside default judgment approximately one month earlier and failed to seek leave of this Court to supplement the record on appeal. The evidence in this case, therefore, did not change subsequent to the appellate decision in issue, and the instant exception to the law of the case rule does not apply, foreclosing any further litigation of Wickes' second motion to set aside default judgment.

*Judgment reversed and order vacated. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 10, 2009.

*Moskowitz & Martin, James W. Martin*, for appellant.

*Weissman, Nowack, Curry & Wilco, John G. Nelson*, for appellees.