## A10A2337. COOPER v. SPOTTS et al.
(710 SE2d 159)

BARNES, Presiding Judge.

Following a bench trial in the State Court of Cherokee County of Ellen Cooper's appeal from a Magistrate Court judgment in favor of Leslie and James Spotts, the trial court dismissed Cooper's claims after finding that she was not a real party in interest, and thus had no standing to pursue a claim related to the property at issue. The trial court, however, found for the Spotts on their counterclaim. We granted Cooper's application for discretionary appeal, and this appeal ensued.

1. Before turning to the merits, we must first examine this Court's jurisdiction over this appeal. "It is the duty of this Court on its own motion to inquire into its jurisdiction." (Citation and punctuation omitted.) *Yeazel v. Burger King Corp.*, 236 Ga. App. 110 (511 SE2d 237) (1999).

OCGA § 5-6-35 (h) provides that "[t]he filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas." In addition, OCGA § 5-6-35 (d) provides in part that "[w]hen a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the application shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." *Housing Auth. of Atlanta v. Geter*, 252 Ga. 196 (312 SE2d 309) (1984) ("In the event a motion for new trial is timely filed as provided in OCGA § 5-5-40 . . . , the effectiveness of the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired.").

Here, the trial court entered its judgment on April 28, 2010, and Cooper timely filed a motion for new trial on May 10, 2010, then subsequently filed an application for discretionary review on May 26, 2010. On June 11, 2010, we dismissed Cooper's application for discretionary appeal without prejudice because it was filed while her motion for new trial was pending. On June 15, Cooper withdrew her motion for new trial, and moved for reconsideration of our order dismissing her application. Although our disposition of Cooper's application was consistent with OCGA § 5-6-35 (h), Cooper relied on *Dept. of Human Resources v. Holland*, 236 Ga. App. 273 (511 SE2d 628) (1999), a fair reading of which supported her argument that this Court had jurisdiction to review the application on the merits. On reconsideration, we granted Cooper's application for discretionary appeal, and vacated the June 11 order dismissing the same.

In *Holland* we held that:

> The filing of an application for discretionary review acts as a supersedeas and has the effect of depriving the trial court of jurisdiction to modify or alter its judgment. *Nest Investments v. Tzavaras*, 221 Ga. App. 282 (471 SE2d 223) (1996); OCGA § 5-6-35 (h). In the instant case, when DHR filed its initial application for discretionary review on December 31, 1997, the trial court was divested of jurisdiction to rule on DHR's motion for new trial. See *Bryson v. State*, 228 Ga. App. 84, 85 (1) (491 SE2d 184) (1997).

*Holland*, 236 Ga. App. at 274. We concluded that the trial court's ruling on the motion for new trial was a nullity, and thus provided no basis for the appeal. Id. However, neither *Nest Investments* nor *Bryson*, relied upon by this Court in *Holland*, involved the trial court's jurisdiction over motions for new trial.

In *Nest Investments*, the investment company's appeal from a

summary judgment in favor of Tzavaras was dismissed because of an inexcusable delay in transmitting the record to the appellate court. Id. After the trial court granted Tzavaras's motion for attorney fees, Nest filed a motion for reconsideration and an application for discretionary appeal from both orders of the trial court. Id. Meanwhile, the trial court granted the motion for reconsideration, and Nest withdrew its application for appeal. Tzavaras then filed a motion for reconsideration and an application for appeal. The trial court also granted that motion for reconsideration.

We reversed the trial court's judgments, finding that the trial court was without jurisdiction to grant the motions for reconsideration while the parties' appeals and applications for appeal were pending because a notice of appeal deprived the trial court of jurisdiction, acting as supersedeas after costs were paid in the trial court pursuant to OCGA § 5-6-46 (a), and that "the *filing* of the application, which of course occurs much earlier [than the *grant* of an application], . . . acts as supersedeas." *Nest Investments*, 221 Ga. App. at 282.

Likewise in *Bryson*, we

> address[ed] the jurisdiction of the trial court to enter an amended *revocation order* subsequent to defendant's filing of an application for discretionary appeal. Pursuant to OCGA § 5-6-35 (h), the filing of that application acted as a supersedeas to the same extent as a notice of appeal. Thus, the trial court was divested of jurisdiction to enter an order altering or amending the original revocation order which defendant sought to appeal. Contrary to the State's reliance upon OCGA § 15-1-3 (6), the filing of an application for discretionary appeal or notice of appeal has the effect of depriving the trial court of jurisdiction to modify or alter its judgment.

*Bryson* and *Nest Investments*, unlike *Holland*, did not address the jurisdiction of the trial court related to the filing of a motion for new trial.

> A notice of appeal from the judgment, filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal. . . . If a motion for new trial is timely filed as provided in OCGA § 5-5-40, the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired.

(Citations and punctuation omitted.) *Griffin v. Loper*, 209 Ga. App. 504, 504-505 (433 SE2d 653) (1993).

Thus, to the extent *Holland* holds that the trial court is divested of jurisdiction to rule on a motion for new trial by the filing of a discretionary application, it is disapproved and overruled. In so doing, we find that Cooper's application for discretionary appeal was improvidently granted upon reconsideration, and we are without jurisdiction to consider the merits of the case.

Although Cooper withdrew her motion for new trial after the initial dismissal of her application for discretionary appeal apparently in an attempt to confer jurisdiction in this Court,

> OCGA § 5-6-38 requires a *trial court order* granting, denying, or otherwise finally disposing of a party's motion for new trial in order to extend the time for filing a notice of appeal more than 30 days after the entry of judgment. A party's voluntary withdrawal of its motion for new trial, standing alone, is not the statutorily-required court order finally disposing of the motion for new trial.

(Emphasis in original.) *Heard v. State*, 274 Ga. 196, 197 (1) (552 SE2d 818) (2001). There is no order disposing of the motion in the record.

Likewise, after withdrawing her motion for new trial, on June 28, 2010, Cooper filed another application for discretionary appeal in this Court. We dismissed the application for lack of jurisdiction, finding that Cooper's motion for new trial did not extend the 30-day period for filing her application; her application, filed 61 days after the entry of the order she seeks to appeal, was untimely. See *Rosenstein v. Jenkins*, 166 Ga. App. 385 (304 SE2d 740) (1983).

*Appeal dismissed. Ellington, C. J., Smith, P. J., Miller, P. J., Phipps, P. J., Andrews, Mikell, Adams, Doyle, Blackwell, Dillard and McFadden, JJ., concur.*

DECIDED MARCH 28, 2011 —
RECONSIDERATION DENIED APRIL 14, 2011.

*Meriwether & Tharp, Patrick L. Meriwether, Robert L. Tharp*, for appellant.
*Johnson & Dickenson, B. Glen Johnson*, for appellees.