**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 24, 2015**

# In the Court of Appeals of Georgia

A14A1877. FRED JONES ENTERPRISES, LLC v. WILLIAMS.

RAY, Judge.

Dewey Williams filed a personal injury lawsuit against Fred Jones Enterprises, LLC ("FJE") and obtained a default judgment against FJE after FJE failed to file any responsive pleadings. FJE filed a motion to set aside the default judgment, which was denied. FJE filed an extraordinary motion for new trial on the issue of damages and, three days later, filed a notice of appeal from the trial court's denial of his motion to set aside. The trial court granted FJE's extraordinary motion for new trial on the issue of damages, but then vacated that order on the grounds that it "lost jurisdiction" over the matter once the case was appealed to this Court. We granted FJE's application for discretionary appeal in the instant case. Finding that the pendency of FJE's appeal from denial of its motion to set aside the default judgment acted as a supersedeas

depriving the trial court of the jurisdiction to consider FJE's subsequent extraordinary motion for new trial, we affirm in part. However, the portion of the trial court's order finding that "no further action is necessary or authorized by the court" is reversed, and the case is remanded to the trial court for findings not inconsistent with this case.

The facts in this case are undisputed, and the issue before us is whether the trial court erred in finding that it was without jurisdiction to rule upon FJE's extraordinary motion for new trial during the pendency of an appeal and that there is nothing further for it to review in this case. "This question is one of law, which we review de novo." (Citation and punctuation omitted.) *Guthrie v. Wickes*, 295 Ga. App. 892, 892 (673 SE2d 523) (2009).

The instant case involves the following procedural history. On April 29, 2011, Williams filed suit against FJE alleging that he sustained injuries when he fell over a package that FJE's employee negligently placed in a dangerous location. FJE did not file an answer, and Williams filed a motion for default judgment. After a damages hearing at which FJE was not present, the trial court entered a default judgment in favor of Williams in the amount of $1,170,563 on February 1, 2012. On April 23, 2012, FJE filed a motion to set aside the default judgment under OCGA § 9-11-60, arguing that the complaint was legally insufficient, that the judgment was procured

2

by fraud, that the pleadings and evidence presented did not support the award of damages, and that FJE did not receive timely notice of the judgment. On July 10, 2012, the trial court denied the motion to set aside.

On August 6, 2012, FJE filed an extraordinary motion for new trial on the issue of damages, claiming that the damages awarded were unsupported by Williams' pleadings or by evidence presented at the damages hearing. Three days later, on August 9, 2012, FJE filed an application for discretionary appeal seeking review of the July 10, 2012, order denying its motion to set aside the judgment. On September 10, 2012, this Court granted FJE's application after finding that FJE was entitled to a direct appeal. On November 13, 2012, the trial court granted FJE's extraordinary motion for new trial as to damages and placed the case on the trial court's non-jury calendar. On October 31, 2013, in an unpublished opinion, this Court affirmed the trial court's denial of FJE's motion to set aside the default judgment.

On November 1, 2013, Williams filed a motion in the trial court to vacate the November 2012 order granting FJE's extraordinary motion for new trial on damages. On February 25, 2014, the trial court vacated the November 2012 order granting an extraordinary motion for new trial on damages, finding that FJE's notice of appeal had deprived it of jurisdiction to rule on the motion. The order also concludes that "no

3

further action is necessary or authorized by [the trial court]." On March 27, 2014, FJE filed this timely application for discretionary appeal from this order, which was granted by this Court.

1. Appellants contend that the trial court erred in finding that it had "lost jurisdiction" to rule on Appellants' pending extraordinary motion for new trial once Appellants filed its first notice of appeal. We disagree.

"A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending." (Citations omitted.) *McLeod v. Clements*, 306 Ga. App. 355, 357 (2) (702 SE2d 638) (2012). See also OCGA § 5-6-46 (a). However, "matters which are independent of and distinct from the judgment on appeal remain within the jurisdiction of the trial court. The notice of appeal does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal." (Citation and punctuation omitted.) *Davis v. Harpagon Co., LLC,* 281 Ga. 250, 253 (8) (637 SE2d 1) (2006). See also *Avren v. Garten*, 289 Ga. 186, 190 (6) (710 SE2d 130) (2011) ("The supersedeas that stems from the filing of an application or notice of appeal is limited in that it supercedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment

4

on appeal") (citations and punctuation omitted.); *In the Interest of A. R. B.*, 209 Ga. App. 324, 324 (1) (433 SE2d 411) (1993) (trial court divested of jurisdiction to act on pending reconsideration motion after application filed).

In the present case, FJE's motion to set aside the default judgment argued that the grounds allowing for a motion to set aside a default judgment under OCGA § 9-11-60 (d) applied.[1] However, FJE's motion to set aside the default judgment *also* argued that the pleadings and evidence presented to the trial court at the default judgment hearing did not support the amount of damages awarded. FJE raised all of these arguments in the brief it presented to this Court on appeal from the denial of its motion to set aside the default judgment. See *Tenant v. State*, 229 Ga. App. 20, 21, n. 1 (492 SE2d 909) (1997) (this Court may take judicial notice of parties' briefs filed in a prior appeal before this Court). FJE's extraordinary motion for new trial also argued that the default judgment awarded to Williams was not supported by the

---

[1] "[T]he first and essential step against any final judgment, including a default judgment, is a motion to set aside the judgment under OCGA § 9-11-60 (d). Only after that motion has been granted may a trial court consider whether to open default under OCGA § 9-11-55." (Citation omitted.) *The Pantry, Inc. v. Harris*, 271 Ga. App. 346, 347 (2) (609 SE2d 692) (2005). Under OCGA § 9-11-60 (d), "[a] motion to set aside may be brought to set aside a judgment based upon . . . [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or [a] nonamenable defect which appears on the face of the record or pleadings." OCGA § 9-11-60 (d) (2), (3).

5

pleadings and that the evidence presented at the damages hearing did not properly represent Williams' lost past income, lost future income, future pain and suffering, and reasonable and necessary medical expenses.

Although FJE's motion to set aside the default judgment challenged its *liability*, and its extraordinary motion for new trial as to damages challenged the trial court's award of *damages*, we cannot say that the two motions raise issues that are "independent of and distinct from" each other, *Davis,* supra, because they both addressed the propriety of the same default judgment award. In fact, prior to filing its first notice of appeal, FJE filed an "emergency motion to stay trial" pending the resolution of the appeal. In that motion, FJE acknowledged that "the new trial on damages is not 'independent and distinct' from the pending appeal, but is directly related to and has the potential to impact the very judgment that is being appealed." Compare *Avren,* supra at 190-191 (6) (supersedeas of application for discretionary review and notice of appeal regarding order and judgment dismissing ex-wife's petitions for, inter alia, modification of child support, custody and visitation and granting ex-husband's contempt petition, did not deprive trial court of jurisdiction to enter award of attorney fees in favor of ex-husband regarding contempt petition).

6

Accordingly, because the issues raised in FJE's extraordinary motion for new trial were not "independent of and distinct from the questions involved in the appeal," *Bivins v. McDonald*, 50 Ga. App. 299, 302 (4) (177 SE 829) (1934), we find that FJE's filing of a notice of appeal acted as a supersedeas, depriving the trial court of jurisdiction to entertain a subsequent extraordinary motion for new trial on the issue of damages. Compare *Cooper v. Spotts*, 309 Ga. App. 361, 361 (2) (2011) (Supersedeas does not prevent trial court from ruling on otherwise *timely* new trial motions, notwithstanding that a notice of appeal has been filed in the interim).

We affirm the portion of the trial court's February 25, 2014, order holding that it was without jurisdiction to rule on FJE's extraordinary motion for new trial during the pendency of the first appeal.

2. FJE next contends that the trial court erred in ruling that "no further action is necessary or authorized by [the trial court]" once it found that it was without jurisdiction to grant FJE's motion for extraordinary new trial during the pendency of FJE's appeal. We agree.

Once an appeal ends, the supersedeas ends as well. *Stewart v. Tricord, LLC*, 296 Ga. App. 834, 838 (2) (c) (676 SE2d 229) (2009). "[A]n appellate court maintains jurisdiction over a case until it has issued the remittitur and the remittitur has been

received and filed in the clerk's office of the court below. Only then does the trial court regain jurisdiction to take further action with respect to the judgment appealed." (Citation and punctuation omitted.) *Massey v. Massey*, 294 Ga. 163, 166 (3) (751 SE2d 330) (2013). Accordingly, although the trial court correctly asserted that it was without jurisdiction to rule upon FJE's extraordinary motion for new trial during the pendency of the appeal, it was re-vested with jurisdiction to consider FJE's extraordinary motion for new trial as to damages once this Court affirmed the denial of FJE's motion to set aside the default judgment.

The law of the case rule did not prohibit the trial court from considering FJE's extraordinary motion for new trial as to damages once it was re-vested with jurisdiction over the case. See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be"). On appeal from a trial court's denial of a motion to set aside a judgment under OCGA § 9-11-60 (d), this Court is limited to a consideration of only whether the trial court abused its discretion in refusing to set aside the default judgment under the limited statutory criteria. See, e.g., *Cheuvront v. Carter*, 263 Ga. App. 837, 838 (589 SE2d 609) (2003). Whether or not the damages awarded were

8

supported by the evidence presented to the trial court is not a statutory factor to be considered under OCGA § 9-11-60 (d). Accordingly, even though FJE included a superfluous argument that the damages awarded to Williams in the default judgment were unsupported by any evidence in its motion to set aside and in its brief on appeal from the denial of that motion does not mean that this Court considered such an argument. Thus, although the trial court correctly asserted that it was without jurisdiction to rule upon FJE's extraordinary motion for new trial as to damages during the pendency of the appeal, it was re-vested with jurisdiction to consider the motion once this Court affirmed the denial of FJE's motion to set aside the default judgment.

We find no merit in Williams' argument that the February 25, 2014, order was a ruling on the *merits* of FJE's extraordinary motion for new trial because the order stated that the trial court considered "the entire record in this case" when making its ruling. The trial court's order clearly does not address the merits of FJE's extraordinary motion, and the only explanation provided for the reversal relates to jurisdiction.

Accordingly, we vacate the portion of the trial court's February 25, 2014, order to the extent that it found that "no further action is necessary or authorized[,]" and

9

remand to the trial court for consideration of this case not inconsistent with this opinion.

3. In light of this Court's rulings in Divisions 1 and 2, we need not address FJE's remaining enumerations of error.

*Judgment affirmed in part, vacated in part and case remanded. Andrews, P. J., and McFadden, J., concur.*