# Court of Appeals
# of the State of Georgia

ATLANTA, May 16, 2018

*The Court of Appeals hereby passes the following order:*

## A18E0052. O'BRIEN v. LEWIS.

Todd O'Brien filed this emergency motion from a final order of the Superior Court of Forsyth County entered in Civil Action File No. 17CV-1272-3 on January 31, 2018. In that order, the trial court ordered that Jennifer Lewis, O'Brien's ex-wife, have primary physical custody of their minor children, with decision making authority including over educational matters. The final order also dissolved an injunction entered in DeKalb County on August 12, 2016, ordering that the children attend the school in DeKalb County that they had been attending before Lewis relocated to Forsyth County. The January 31, 2018 order imposed a parenting plan, including a detailed visitation schedule, but did not specify a schedule for holidays. The court ordered the parties to enter into a parenting plan that divides up the significant holidays.

According to O'Brien, he filed a motion for a new trial on February 15, 2018, within 30 days after the entry of the January 31, 2018 final judgment. See OCGA § 5-5-40 (a) ("All motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury."). He states that no hearing has been held or scheduled on his motion for a new trial.

On March 27, 2018, the court entered a parenting plan proposed by Lewis. The form plan restated elements from the January 31, 2018 final order, including assigning Lewis primary physical custody with decision making authority over

educational matters, and added a plan for rotating holidays as the court had directed. On April 26, 2018, O'Brien filed a notice of appeal from the January 31, 2018 order.

In his motion, O'Brien asks that this Court stay proceedings in the trial court, reinstate the previous orders in this matter on a temporary basis, and enjoin Lewis from withdrawing the children from their DeKalb County school. O'Brien avers that the DeKalb County school is a magnet school that has a waiting list and that, if the children are withdrawn and he later prevails in his appeal, they will not be able to re-enroll for the next school year.

Under Georgia law,

A notice of appeal from the judgment [in a civil case], filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal. If a motion for new trial is timely filed as provided in OCGA § 5-5-40, the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for appealing the ruling has expired.

(Citation and punctuation omitted.) *Cooper v. Spotts*, 309 Ga. App. 361, 363 (710 SE2d 159) (2011). See also *Drake v. Clutter*, 194 Ga. App. 644 (391 SE2d 473) (1990); Christopher J. McFadden et al., *Ga. Appellate Practice*, § 11:19 (updated November 2017). O'Brien's motion shows that his notice of appeal was premature, being filed while a motion for new trial was pending. Thus, the trial court has not been divested of jurisdiction.

Because any appeal docketed based on O'Brien's April 26, 2018 notice of appeal would be dismissed by this Court, he has not shown how granting the motion

is necessary to preserve this Court's jurisdiction over any upcoming appeal. See Court of Appeals Rule 40 (b). Accordingly, O'Brien's emergency motion is DENIED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  05/16/2018*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*