**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 26, 2018**

# In the Court of Appeals of Georgia

A18A1650. CLARENCE WILLIAMS v. THE STATE.

RICKMAN, Judge.

In 2011, Clarence Williams was convicted of several child molestation offenses. Williams filed a timely motion for new trial, which he subsequently withdrew on March 19, 2018. That same day, he filed a notice of appeal.

"Before turning to the merits, we must first examine this Court's jurisdiction over this appeal. It is the duty of this Court on its own motion to inquire into its jurisdiction." *Cooper v. Spotts*, 309 Ga. App. 361, 361 (1) (710 SE2d 159) (2011).

A notice of appeal must be filed within 30 days of the judgment being appealed. See OCGA § 5-6-38 (a). The timely filing of a motion for new trial extends the running of this 30-day clock until the trial court disposes of the motion. Id. Absent a court order resolving the motion, however, the appeal time is not extended. As our

Supreme Court has ruled, "OCGA § 5-6-38 requires a *trial court order* granting, denying, or otherwise finally disposing of a party's motion for new trial in order to extend the time for filing a notice of appeal." *Heard v. State*, 274 Ga. 196, 197 (1) (552 SE2d 818) (2001). See also *Cooper*, 309 Ga. App. at 364. A unilaterally withdrawn motion for new trial, standing alone, does not toll the appeal time. *Heard*, 274 Ga. at 197.

In this case, Williams voluntarily withdrew his motion for new trial. The trial court neither ruled on the motion nor granted him permission to withdraw it. The time for filing his direct appeal, therefore, was not extended, and his notice of appeal was untimely because it was filed more than 30 days after his conviction. *Heard*, 274 Ga. at 197 (1); see also *Simmons v. State*, 276 Ga. 525, 525 n.1 (579 SE2d 735) (2003). Accordingly, we cannot consider Williams' appeal, which is hereby DISMISSED.

We note, however, that Williams has been represented by counsel and may be entitled to pursue an out-of-time appeal. He is therefore informed of the following in accordance with *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995): This appeal has been dismissed because your counsel failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the

entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this opinion to Williams and Williams's attorney, and the latter is also DIRECTED to send a copy to Williams.

*Appeal dismissed. McFadden, P. J., and Ray, J., concur.*