**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 30, 2020**

# In the Court of Appeals of Georgia

A20A1241. MORTON v. PITTS, et al.

McFADDEN, Chief Judge.

This is an appeal from an order in a partition action brought under Georgia's Uniform Partition of Heirs Property Act (UPHPA, hereinafter "the Act"), OCGA §§ 44-6-180 et seq. Among other things, the Act requires a trial court to order an appraisal of the property at issue before determining how to partition the property. OCGA § 44-6-184 (a). Appellant Machelle P. Morton, who brought this action in her capacity as the trustee of a living trust, correctly argues on appeal that the trial court did not comply with this mandatory statutory procedure. For this reason, we vacate the order and remand the case for further proceedings not inconsistent with this opinion.

Given this disposition, we do not address Morton's claim of error that the trial court should have ordered an open-market sale rather than a public auction or her claim that the trial court erred in denying her request for attorney fees.

1. *Trial court's failure to order an appraisal.*

Morton argues that the trial court erred in failing to order an appraisal of the property at issue in the partition action. We agree that the Act required the trial court to order an appraisal in this case.

The Act applies to partition actions involving heirs property, which the Act defines as "real property held in tenancy in common which satisfies [certain specified] requirements[.]" OCGA § 44-6-180 (5). Property determined to be "heirs property . . . shall be partitioned pursuant to [the Act] unless all of the cotenants otherwise agree in a record." OCGA § 44-6-181 (b). The trial court held that the property in this case is heirs property, and the parties agree with that determination.

In an action for partition of heirs property, the Act "provides a series of due process protections[, including] appraisal . . . and if . . . a sale is required, a commercially reasonable sale supervised by the court to ensure all parties receive their fair share of the proceeds." *Faison v. Faison*, 344 Ga. App. 600, 602 (1) (811 SE2d 431) (2018) (citation and punctuation omitted). Where the procedures are set

2

forth in the Act using the word "shall," the procedures are mandatory, and the trial court errs in failing to follow them. See id. at 603 (1).

As to appraisals, the Act provides that "the court *shall* determine the fair market value of the property *by ordering an appraisal* pursuant to subsection (d) of this Code Section." OCGA § 44-6-184 (a) (emphasis supplied). The trial court's act of ordering an appraisal is a preliminary step in the statutory scheme for determining how to partition the property. As the Act details, the trial court determines the fair market value of the property based at least in part on the court-ordered appraisal, see OCGA § 44-6-184 (d) through (g), and decisions made by the parties and the trial court regarding the method of partition are based at least in part on that fair market value determination. See OCGA §§ 44-6-185 through 44-6-187.

The Act provides two exceptions to the requirement that the trial court order an appraisal. See OCGA § 44-6-184 (a) (court shall order appraisal "[e]xcept as otherwise provided in subsections (b) and (c) of this Code section"). First, the trial court is not required to order an appraisal "[i]f all cotenants have agreed to the value of the property or to another method of valuation, [in which case] the court shall adopt that value or the value produced by the agreed method of valuation." OCGA § 44-6-184 (b). Second, the trial court is not required to order an appraisal "[i]f the

3

court determines that the evidentiary value of an appraisal is outweighed by the cost of the appraisal, [in which case] the court, after an evidentiary hearing, shall determine the fair market value of the property and send notice to the parties of the value." OCGA § 44-6-184 (c).

In her pleading initiating the partition action, which she filed on May 30, 2018, Morton asked the trial court to order an appraisal. She reiterated this request at other points throughout the proceedings below. But the other parties to the partition action argued that an appraisal was not necessary because in February 2018 Morton had obtained her own appraisal, which valued the property at $2,185,000. Morton objected to the trial court determining the property's fair market value based solely on the February 2018 appraisal, arguing that it was outdated and did not accurately reflect the property's value. Nevertheless, the trial court adopted the February 2018 appraisal's value, acknowledging that appraisal in the order on appeal and holding that "[t]he fair market value of the [p]roperty is $2,185,000.00 as of February 25, 2018[.]"

From the record described above, it is apparent that the trial court did not "determine the fair market value of the property by ordering an appraisal[.]" OCGA § 44-6-184 (a). It also is apparent that neither of the two exceptions to this statutory

4

requirement existed in this case. Morton did not "agree[ ] to the value of the property or to another method of valuation," OCGA § 44-6-184 (b), and the trial court did not "determine[ ] that the evidentiary value of an appraisal is outweighed by the cost of the appraisal[.]" OCGA § 44-6-184 (c). We are not persuaded by the defendants' argument that Morton was required under OCGA § 44-6-184 (e) (3) to object to the February 2018 appraisal, as that provision applies to "appraisal[s] . . . conducted pursuant to subsection (d) of this Code section" — in other words, to court-ordered appraisals. See OCGA § 44-6-184 (d).

"In light of the mandatory language in [OCGA § 44-6-184 (a)], the trial court erred in not [ordering an appraisal]. If the trial court had [done so], it would have been required to [consider that appraisal in determining the property's fair market value]." *Faison*, 344 Ga. App. at 603 (1) (footnote omitted). Accordingly, we vacate the trial court's order and remand for further proceedings not inconsistent with this opinion. Id. at 603-604 (1).

2. *Remaining enumerations of error.*

Our decision to vacate the order and remand this case for further proceedings could result in a new determination of the property's fair market value and the consideration of additional evidence and argument by the trial court. For that reason,

5

we decline to address Morton's remaining claims of error. Those claims concern the trial court's decision to order a public auction rather than an open-market sale and the trial court's decision not to award Morton attorney fees, which Morton sought both under the Act and under OCGA § 13-6-11.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Hodges, J., concur.*