**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 27, 2022**

# In the Court of Appeals of Georgia

A22A0152. MATABANE v. WHATLEY

GOBEIL, Judge.

This appeal concerns a property dispute between two siblings, Paula Whatley Matabane ("Matabane"), and her brother, Lynn Whatley ("Lynn"). In 2015, Matabane sought to partition two properties she and her siblings had inherited from their parents after their deaths. The trial court dismissed Matabane's petition for a partition in kind, and on appeal, she argues that the court erred by failing to follow the mandatory procedures set forth in Georgia's Uniform Partition of Heirs Property Act (the "UPHPA"), OCGA § 44-6-180 et seq. For the reasons explained below, we vacate the trial court's order and remand for further proceedings.

The record shows that in 2008, Warren S. Whatley, Sr. died testate; his wife, Lucy Whatley, died testate in 2009. The Whatleys' children, Matabane, Lynn, and

Warren S. Whatley, Jr. ("Warren"), inherited a house located at 1298 Calhoun Terrace, SW, Atlanta, Georgia (the "Calhoun Terrace property"). Also in 2009, Whatley, Sr.'s estate acquired a vacant lot located at 0 Westview Drive (formerly 1299 Westview Drive), Atlanta, Georgia (the "Westview property"). Matabane purchased Warren's interests in the properties in 2012, resulting in Matabane holding a two-thirds undivided interest in each property.

In September 2015, Matabane brought an action against Lynn seeking to partition the Calhoun Terrace and Westview properties. Specifically, she asked the court to require Lynn to sell all of his interest in the properties to her. She also raised a claim for contribution for money she had expended to pay taxes, insurance, and maintenance for the properties. In response, Lynn asserted his own claim for contribution, and sought to impose a constructive trust on the properties. Matabane later amended her petition to ask that the properties be partitioned in kind pursuant to the UPHPA by awarding her all of Lynn's interest in the Calhoun Terrace property and awarding Lynn a proportionate share of her interest in the Westview property.

In 2018, the trial court appointed an appraiser and set a hearing date to determine the fair market value ("FMV") of the properties. The appraiser determined that the Calhoun Terrace property had an appraised FMV of $178,000, and the

2

Westview property had an appraised FMV of $170,000. The trial court conducted a hearing on August 16, 2019, at which it heard evidence pertaining to Lynn's objections to the FMVs of the properties. After hearing evidence and argument, the court adopted the FMVs set by the appraiser. The court then inquired if either party was requesting a partition by sale, and Matabane specified that she was requesting an in-kind partition. Because neither party sought a partition by sale, the court dismissed the action.[1] This appeal followed.

In related claims of error, Matabane contends that the trial court erred by failing to hold a hearing on the merits of her request for a partition in kind and in dismissing the action. We agree that the UPHPA required the trial court to hear the merits of the partition-in-kind action and consider the relevant statutory factors before dismissing the action.

Once property is determined to be heirs property, the provisions of the UPHPA are mandatory. *Faison v. Faison*, 344 Ga. App. 600, 603 (1) (811 SE2d 431) (2018).

> In an action for partition of heirs property, the [UPHPA] provides a
> series of simple due process protections, including appraisal[,] and if a

---

[1] The parties' remaining claims for contribution and attorney fees and litigation expenses were litigated in a bench trial held on February 24, 2020. Those claims are not at issue in the instant appeal.

sale is required, a commercially reasonable sale supervised by the court to ensure all parties receive their fair share of the proceeds. Where the procedures are set forth in the [UPHPA] using the word "shall," the procedures are mandatory, and the trial court errs in failing to follow them.

*Morton v. Pitts*, 357 Ga. App. 513, 513-514 (1) (851 SE2d 141) (2020) (citations and punctuation omitted). With regard to appraisals, the UPHPA provides that "the court shall determine the fair market value of the property by ordering an appraisal pursuant to subsection (d) of this Code Section." OCGA § 44-6-184 (a).

The trial court's act of ordering an appraisal is a preliminary step in the statutory scheme for determining how to partition the property. As the [UPHPA] details, the trial court determines the fair market value of the property based at least in part on the court-ordered appraisal, see OCGA § 44-6-184 (d) through (g), and decisions made by the parties and the trial court regarding the method of partition are based at least in part on that fair market value determination. See OCGA §§ 44-6-185 through 44-6-187.

*Morton*, 357 Ga. App. at 514 (1).

In this case, the parties and the trial court agreed that the property qualified as heirs property under the UHPHA. In accordance with OCGA § 44-6-184 (a) and (d), the court ordered an appraisal. The appraisal was filed with the court, and the court

4

conducted a hearing to determine the FMV. OCGA § 44-6-184 (f). The court then provided notice to the parties of the FMV pursuant to OCGA § 44-6-184 (g). Up until this point, the trial court adhered to the procedures set forth in the UPHPA. However, instead of proceeding to hear the merits of the partition-in-kind action, the court dismissed the action, citing OCGA § 44-6-186 (b).

OCGA § 44-6-186 (a) (1) states: "If . . . a cotenant remains that has requested a partition in kind, the court *shall* order partition in kind unless the court, after consideration of the factors listed in Code Section 44-6-187, finds that partition in kind will result in manifest prejudice to the cotenants as a group. . . ." (Emphasis supplied.) As a part of determining whether partition in kind would result in manifest prejudice, a trial court shall consider the following:

(i) Whether the heirs property practicably can be divided among the cotenants; (ii) Whether partition in kind would apportion the property in such a way that the aggregate fair market value of the parcels resulting from the division would be materially less than the value of the property if it were sold as a whole, taking into account the condition under which a court ordered sale likely would occur; (iii) Evidence of the collective duration of ownership or possession of the property by a cotenant and one or more predecessors in title or predecessors in possession to the cotenant who are or were relatives of the cotenant or each other; (iv) A cotenant's sentimental attachment to the property,

5

including any attachment arising because the property has ancestral or other unique or special value to the cotenant; (v) The lawful use being made of the property by a cotenant and the degree to which the cotenant would be harmed if the cotenant could not continue the same use of the property; (vi) The degree to which the cotenants have contributed their pro rata share of the property taxes, insurance, and other expenses associated with maintaining ownership of the property or have contributed to the physical improvement, maintenance, or upkeep of the property; and (vii) Any other relevant factor.

OCGA § 44-6-186 (a) (2) (A). If the trial court does not order a partition in kind under OCGA § 44-6-186 (a), "the court shall order partition by sale pursuant to Code Section 44-6-187 or, if no cotenant requested partition by sale, the court shall dismiss the action." OCGA § 44-6-186 (b).

As noted above, the parties and the court agreed that the properties at issue qualified as heirs property. Because Matabane requested a partition in kind, the trial court was required to consider whether such a partition was appropriate under OCGA § 44-6-186 (a) *before* dismissing the action under OCGA § 44-6-186 (b). The language in OCGA § 44-6-186 (a) (2) (A) directing that the court "shall consider" the factors listed in OCGA § 44-6-186 (a) (2) (A) (i) - (vii) is mandatory. *Morton*, 357 Ga. App. at 513-514 (1). Although the UPHPA does not require a trial court to

6

provide a detailed written analysis of each factor, or mandate a written analysis regarding whether partition in kind would result in great prejudice to any cotenant, it *does* require that the court consider and weigh the relevant factors in light of the evidence and circumstances presented. See OCGA § 44-6-186 (a) (2) (A), (B).

Because the trial court failed to follow the mandatory procedures set forth in OCGA § 44-6-186 (a), we vacate the trial court's order dismissing Matabane's petition for a partition in kind and remand this case for further proceedings.

*Judgment vacated and case remanded. Doyle, P. J., and Reese, J., concur.*